IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

INDRA BAHADUR BHUJEL,                )
                                     )
            Petitioner               )    3:25-CV-00118-RAL
                                     )
    vs.                              )    RICHARD A. LANZILLO
                                     )    Chief United States Magistrate Judge
GEO GROUP INC., PRIVATE              )
CORPORATION UNDER CONTRACT           )    MEMORANDUM ORDER DISMISSING
WITH THE DEPARTMENT OF               )    PETITION FOR WRIT OF HABEAS
HOMELAND SECURITY; KRISTI            )    CORPUS AS MOOT
NOEM, SECRETARY OF THE               )
UNITED STATES DEPARTMENT OF          )    ECF NO. 1
HOMELAND SECURITY; AND               )
PAMELA BONDI, ATTORNEY               )
GENERAL OF THE UNITED                )
STATES;                              )
                                     )
            Respondents              )

Petitioner Indra Bahadur Bhujel was born in Nepal. ECF No. 1, ¶23. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on March 24, 2025. *Id.* ¶17. He filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The petition challenges Petitioner's immigration detention at the Moshannon Valley Processing Center and requests a bond hearing. *Id., generally.* The case was transferred from the Middle District of Pennsylvania to this Court on April 16, 2025. ECF No. 3. The parties have consented to the jurisdiction of a United States Magistrate Judge in the proceedings under 28 U.S.C. § 636.

On October 16, 2025, the Respondents filed a notice advising that Petitioner has been removed from the United States on or about April 10, 2025, and attaching a copy of the Warrant of Removal/Deportation (ICE Form I-205).  ECF Nos. 8, 8-1. Based on the status report and finding no basis upon which to believe the Petitioner remains in the custody of the Respondents, the Court will dismiss the petition as moot.

Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2.  A petitioner must, at every stage of litigation, demonstrate "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). A habeas petition generally is moot once the petitioner has been removed from the country because the Court no longer can order the relief requested in the petition. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294, 298 (3d Cir. 2006) (unpublished); *see also Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (a case is moot when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome" or prevent the court from granting the requested relief).

Because Petitioner has been removed from the United States, as attested by counsel, and supported by the Warrant of Removal/Deportation, this Court cannot grant him the relief he seeks.  The petition is therefore moot and will be dismissed as such.

ORDER

For the foregoing reasons, Petitioner's Section 2241 petition (ECF No. 1) is dismissed as moot.

Because the instant petition is moot, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will not issue. *See, e.g., Kimberly v. Giroux*, 2014 WL 1268716, at *4 (W.D. Pa. Mar. 26, 2014).

So ordered, this 23rd day of March, 2026.

BY THE COURT,

RICHARD A. LANZILLO
CHIEF UNITED STATES
MAGISTRATE JUDGE